# Exhibit 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 11-20182-CIV-LENARD/TURNOFF

REGINO AREDONDO, FERMIN MARTINEZ VILLANUEVA, JORGE RODRIGO ARAUJO, ANALIA BOGADO, JOHN GAITAN, GASTON DAVID ESQUIVEL, and others similarly-situated,

    Plaintiffs,

vs.

DPC&R MANAGEMENT, LLC, a Florida limited liability company, CULINARY ARTS CATERING, LLC, f/k/a Culinary Arts Catering, Inc., a Florida limited liability company, d/b/a Barton G., and BARTON G. WEISS, individually,

    Defendants.
_____/

## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter "Agreement") is hereby entered into between: **JOHN GAITAN**, and all of his agents, successors, heirs, and assigns (collectively referred to as "Mr. Gaitan"), and **BARTON G. WEISS**, Individually, and **DPC&R MANAGEMENT, LLC** and **CULINARY ARTS CATERING, LLC**, along with their parents, predecessors, successors, subsidiaries, affiliates, related entities, divisions, and assigns, and all of its and their past and present owners, officers, directors, shareholders, members, employees, consultants, agents, insurers, attorneys, and assigns (collectively referred to as "the Employer").

### Recitals

**WHEREAS,** Mr. Gaitan was, at one time, employed by the Employer; and

**WHEREAS,** Mr. Gaitan is seeking damages against the Employer under 29 U.S.C. § 201 *et seq.* for alleged unpaid overtime compensation in the case styled *Regino Aredondo, Fermin Martinez Villanueva, Jorge Rodrigo Araujo, Analia Bogado, John Gaitan, Gaston David Esquivel and others similarly situated vs. DPC&R Management, LLC, Culinary Arts Catering, LLC, and Barton G. Weiss,* Case No.: 11-20182-CIV-LENARD/TURNOFF, currently pending in the United States

#1180081 v1

District Court for the Southern District of Florida ("the Litigation"); and

**WHEREAS,** the Employer denies all allegations and disputes all claims raised by Mr. Gaitan; and

**WHEREAS,** Mr. Gaitan and the Employer desire to compromise, finally settle, and fully release any and all claims that Mr. Gaitan ever had or now has against the Employer, including all claims raised in the Litigation; and

**NOW, THEREFORE,** in consideration of the mutual promises and covenants between the parties, the sufficiency of which is hereby acknowledged, Mr. Gaitan and the Employer hereby agree to the following Terms and Conditions:

### Terms and Conditions

1. All the foregoing Recitals are true and correct and are incorporated as part of these Terms and Conditions.

2. Upon execution of this Agreement, Mr. Gaitan and the Employer agree to jointly file a motion requesting that the Court approve this Agreement and enter an order dismissing with prejudice Mr. Gaitan's claims against the Employer asserted in the Litigation and to resolve any and all claims Mr. Gaitan may have made against the Employer for alleged unpaid overtime compensation. The parties agree that this Agreement will be submitted to the Court with the motion and that this Agreement will be subject to Court approval. The motion described above will be filed no earlier than the eighth day after Mr. Gaitan executes this Agreement.

3. In consideration for Mr. Gaitan's execution of this Agreement, the Employer agrees that, after the Court approves this Agreement and dismisses Mr. Gaitan's claims in the Litigation with prejudice, it will pay the following amounts:

    A. Pay Mr. Gaitan the gross amount of $3,583.63, less applicable federal income tax withholding and other deductions required by law, to resolve any and all claims Mr. Gaitan may have made against the Employer for alleged unpaid minimum wage and overtime compensation. This amount will be reported on a Form W-2 issued to Mr. Gaitan for the year of payment.

    B. Pay Mr. Gaitan the gross amount of $3,583.63 in liquidated damages. This amount will be reported on a Form 1099 issued to Mr. Gaitan for the year of payment.

    C. Pay Mr. Gaitan's attorney, the Law Offices of Eddy O. Marban, 782 N.W. LeJeune Road, Ocean Bank Building, Suite 350, Miami, Florida 33126, the amount of $5,105.40 in attorneys' fees and costs. This amount will be reported on a Form 1099 to be issued to the Law Offices of Eddy O. Marban for the year of payment. The Employer agrees that the amount of attorneys' fees and costs sought by the Law Offices of Eddy O. Marban is fair and

reasonable given the legal services performed by the Law Offices of Eddy O. Marban and the results obtained.

4. The Parties agree that the amounts payable to Mr. Gaitan and the Law Offices of Eddy O. Marban, as listed in paragraph 3, will be paid by the Employer in four (4) installments.

   A. The schedule of the installment payments is listed in the chart attached to this Agreement as Exhibit A. The first installment payment shall be delivered to Mr. Gaitan's counsel within ten (10) business days of the date that the Court approves this Agreement and dismisses Mr. Gaitan's claims in the Litigation with prejudice. The three subsequent installment payments shall be delivered to Mr. Gaitan's counsel within 30, 60 and 90 days respectively of the date of the first installment payment.

   B. If the Employer does not timely deliver an installment payment, Mr. Gaitan shall provide written notice via facsimile or email to Robert S. Turk, Attorney for the Employer, Stearns Weaver Miller, 150 W. Flagler Street, Suite 2200, Miami, Florida 33130, fax: 305-789-3395 and email: rturk@stearnsweaver.com, within five (5) business days of the installment payment deadline. The Employer shall cure the deficiency by delivering the installment payment at issue to Mr. Gaitan within ten (10) business days of the date that Employer received Mr. Gaitan's written notice. If the Employer does not timely cure, Mr. Gaitan shall be entitled to a judgment against Employer for the unpaid portion of the Settlement Sum.

5. Mr. Gaitan hereby agrees, represents and warrants that he shall have sole responsibility for the satisfaction of any and all taxes, liens or assignments in law or equity, or otherwise, that may exist with respect to any recovery by him under this Agreement, except for the tax contributions federally mandated of the Employer, and that he will fully satisfy all taxes, liens, and assignments which may arise as a result of his receipt of the settlement payments. Mr. Gaitan represents that he is not subject to any garnishment or wage deduction order, including but not limited to, any order for the payment of child support.

6. In consideration for the payments described above:

   A. Mr. Gaitan generally releases, satisfies and forever discharges the Employer of and from all actions, claims and demands, both known and unknown, arising under the Fair Labor Standards Act of 1938, 29 U.S.C. Section 201, et. seq., which Mr. Gaitan ever had, now has or may have against the Employer.

   B. Mr. Gaitan generally releases, satisfies and forever discharges the Employer from any and all claims, demands or liabilities whatsoever, whether known or unknown, which he ever had or may now have against the Employer from the beginning of time to the date of this Agreement, except for the obligations the Employer undertakes in this Agreement. This release includes, without

3

limitation, any claims, demands or liabilities relating to or arising out of Mr. Gaitan's employment with the Employer or separation of employment with the Employer pursuant to any federal, state, or local employment laws, regulations, ordinances, or executive orders prohibiting, among other things, age, race, color, sex, national origin, religion, marital status, familial status, sexual orientation, and disability discrimination.

(1) This release includes, but is not limited to, any and all actions, claims and demands under:

| |
|---|
| the Age Discrimination Employment Act (the "ADEA") as amended, 29 U.S.C. Section 623, et seq.; |
| Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq. as amended; |
| the federal Americans with Disabilities Act 42 U.S.C. Section 12101, et seq. (the "ADA"), as amended; |
| the Equal Pay Act of 1963, 29 U.S.C. Section 206(d); |
| the Family and Medical Leave Act, as amended, 29 U.S.C. Section 2601, et seq. (the "FMLA"); |
| Worker Adjustment and Retraining Notification Act ("WARN"), 29 U.S.C. § 2101, *et seq.*; |
| Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A, *et seq.* |
| 42 U.S.C. Sections 1981 through 1988; |
| National Labor Relations Act, 29 U.S.C. Section 151, et seq., |
| Immigration Reform and Control Act of 1986, 8 U.S.C. § 1101, *et. seq.*; |
| the Uniform Services Employment and Reemployment Rights Act of 1994; |
| the Employee Retirement Income Security Act of 1974 ("ERISA") as amended, 29 U.S.C. Section 1001, et seq. (excluding any vested benefits under any Employee Retirement Plan); |
| Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. seq.*; |
| Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701, *et. seq.*; |
| Genetic Information Non-Discrimination Act of 2008, 42 U.S.C. § 2000ff, *et seq.*; |
| Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 300gg, 29 U.S.C. § 1181, *et. seq.*, and 42 U.S.C. § 1320d-6, *et. seq.*; |
| the Florida and Federal Constitutions; |
| the Florida Human Rights Act of 1977 and the Florida Civil Rights Act of 1992 as amended, Chapter 760 Florida Statutes; |
| the Florida Whistleblower's Act, Fla. Stat. Section 448.101, et seq.; |

4

#1180081 v1

| |
|---|
| Florida Workers' Compensation Retaliation Statute, Fla. Stat. Section 440.205; |
| Florida's wage payment and wage discrimination laws; |
| Florida Minimum Wage Act, Fla. Stat. Section 448.110; |
| the Florida AIDS Act, Fla. Stat. Sections 10.1125, 381.00 and 760.50; |
| Florida Discrimination on Basis of Sickle Cell Trait Law, Fla. Stat. Section 448.075; and |
| Miami-Dade Wage Theft Ordinance, as amended, Chapter 22, Sections 1-10 of the Code of Miami-Dade County; |
| All local and county ordinances; |
| any other federal, state or local statute, executive order, regulation or ordinance relating to or dealing with unpaid wages, employment, employment discrimination, retaliation, conspiracy, tortious or wrongful discharge. |

(2)  This release also includes, but is not limited to: (i) any and all actions, claims and demands for wrongful discharge, unpaid wages, future wage loss, employee benefits, bonuses, stock options, attorneys' fees and costs, penalties and damages of all types, including, but not limited to, punitive and compensatory damages; emotional distress damages; breach of any employment contract (whether express or implied) between Mr. Gaitan and the Employer; and (ii) any and all actions, claims and demands for tort damages (whether intentional or negligent) and/or personal injury as a result of Mr. Gaitan's employment or separation from the Employer, such as defamation, fraud, misrepresentation, assault, battery, negligence, negligent supervision, hiring, or retention, detrimental reliance, intentional or negligent infliction of emotional distress, breach of a covenant of good faith and fair dealing, and any other offense. The foregoing list is meant to be illustrative rather than exhaustive.

(3)  Notwithstanding the above, Mr. Gaitan acknowledges that he is not releasing: any claim that relates to any rights he might have to file a claim for unemployment compensation or workers' compensation benefits or to vested benefits under any Employee Retirement Plan sponsored by the Employer; any rights or claims that may arise after this Agreement is signed; any rights or claims that by law cannot be released in this Agreement; or any rights or claims to enforce this Agreement.

C.  Mr. Gaitan represents that, with respect to the claims he is waiving, he is waiving not only his right to recover money or other relief in any action that he might institute, but he is also waiving his right to recover money or other relief in any action that might be brought on his behalf by any other person or entity including, but not limited to, the State of Florida, the United States

Equal Employment Opportunity Commission ("EEOC"), the U.S. Department of Labor ("DOL"), or any other (U.S. or foreign) federal, state, or local agency or department.

7. (A) Mr. Gaitan acknowledges and agrees that all matters relating to this Agreement, and the negotiations preceding this Agreement, are strictly confidential. Mr. Gaitan further acknowledges and agrees that he (and his attorneys, spouse and representatives) will not disclose or disseminate any information concerning the terms of this Agreement, the content of the negotiations and discussions pertaining to this Agreement or the settlement of this matter, to any third person or entity. Mr. Gaitan expressly agrees that he cannot disclose or disseminate this Agreement or any information about this Agreement to the media, any internet communication outlet or to individuals that he knows or has reason to know are past or present employees, customers and vendors of the Employer. Mr. Gaitan further agrees that, if asked about the Litigation, or the resolution of the Litigation, he shall state no more than "the matter was resolved."

(B) Notwithstanding the forgoing, Mr. Gaitan may disclose this Agreement on the following conditions: (i) to the Court for purposes of requesting that the Court approve this Agreement and enter an order dismissing with prejudice the pending Litigation, as provided in paragraph 2 of this Agreement, enforcing this Agreement, or bringing a legal challenge to the validity of the Agreement under the Age Discrimination in Employment Act; (ii) Mr. Gaitan may advise his attorney(s), accountant(s), tax preparers, and the Internal Revenue Service (IRS) that he has received income as a result of a settlement agreement relating to his employment and the amount received; (iii) to federal regulatory authorities or law enforcement officers if instructed by them not to discuss his conversation with them to the Employer; (iv) if subpoenaed by a party to a lawsuit, ordered by the Court or otherwise legally compelled, Mr. Gaitan may testify or provide information regarding this Agreement or may produce the Agreement, <u>provided that</u> Mr. Gaitan gives notice within three (3) business days of receipt of any subpoena, court order or other related communication (oral or written) to Robert S. Turk, Attorney for the Employer, Stearns Weaver Miller, 150 W. Flagler Street, Suite 2200, Miami, Florida 33130, telephone: 305-789-3200 and fax: 305-789-3395 so that the Employer can assert any objections prior to Mr. Gaitan's appearance at interview, deposition, hearing or trial. Mr. Gaitan waives any objection to the Employer's request that the document production or testimony be done *in camera* and under seal.

(C) This provision does not prohibit Mr. Gaitan from testifying, at deposition, hearing or trial, as a witness in any action brought by another person against the Employer, provided that Mr. Gaitan's testimony does not disclose any of the information listed in paragraph 7(A), and that the Employer may challenge or object to Mr. Gaitan's anticipated testimony on any grounds permitted under the applicable law and rules of procedure and evidence.

8. Mr. Gaitan represents and agrees that he will not criticize, defame, disparage, or make negative comments about the Employer to any of its employees, customers or vendors, the print or broadcast media or any internet communication outlet. Nothing contained in this paragraph shall or is intended to preclude Mr. Gaitan from testifying truthfully pursuant to any government or regulatory investigation or pursuant to subpoena or other court order, subject to the terms of Paragraph 7.

9. In consideration for Mr. Gaitan's execution of this Agreement, the Employer generally releases, satisfies, and forever discharges Mr. Gaitan from any and all claims, demands or liabilities whatsoever, whether known or unknown, which the Employer ever had or may now have against Mr. Gaitan from the beginning of time to the date of this Agreement, except for the obligations that Mr. Gaitan undertakes in this Agreement. This release includes, without limitation, any claims, demands or liabilities relating to or arising out of Mr. Gaitan's employment with the Employer or separation of employment with the Employer.

10. Mr. Gaitan understands that the Employer will provide neutral reference/employment verification to any prospective employer of Mr. Gaitan, provided the prospective employer's request is directed to the Director of Human Resources for DPC&R Management, LLC at 5061 Biscayne Boulevard, Miami Florida 33137 and telephone: 305-576-8888. Such reference/verification will be limited to Mr. Gaitan's name, position, dates of employment (without characterization of termination reason) and pay.

11. The Employer represents and warrants that the persons signing this Agreement have the authority to act on behalf of the Employer and to bind the Employer and all who may claim through them to the terms and conditions of this Agreement. Mr. Gaitan represents and warrants that he has the capacity to act on his own behalf and on behalf of all who might claim through him to bind him to the terms and conditions of this Agreement. Mr. Gaitan and the Employer each warrant and represent that there are no liens or claims of lien or assignments in law or equity or otherwise of or against any of the claims or causes of action released by this Agreement.

12. Neither party has relied upon any representations or statements made by the other party hereto which are not specifically set forth in this Agreement.

13. Mr. Gaitan and the Employer acknowledge that this Agreement constitutes the entire agreement between the parties with respect to the matters set forth in this Agreement and supersedes in its entirety any and all agreements or communications, whether written or oral, previously made in connection with the matter herein.

14. This Agreement does not constitute an admission of a violation of any law, order, regulation, or enactment, or of wrongdoing of any kind by the Employer.

15. The provisions of this Agreement are severable, and if one or more of any provision or provisions are found to be unenforceable, invalid, or illegal, this will not affect any other provision or provisions of this Agreement, which will remain in full force and effect.

16. This Agreement may only be amended in writing signed by Mr. Gaitan and the Employer.

17. This Agreement may be executed in counterparts, and each counterpart shall have the same force and effect as an original and shall constitute an effective, binding agreement on the part of each of the undersigned.

18. This Agreement shall not be construed against the Employer by reason of the fact that the Employer was responsible for the drafting of this Agreement or any provision of this Agreement.

7

19. The laws of the State of Florida shall apply to this Agreement. The failure of any provision of this Agreement shall in no manner affect the right to enforce this Agreement, and the waiver by Mr. Gaitan or the Employer of any breach of any provision of this Agreement shall not be construed to be a waiver by such party of any succeeding breach of such provision or a waiver by such party of a breach of any other provision.

20. Mr. Gaitan and the Employer agree that the proper venue for any claims between them concerning this Agreement is the United States District Court for the Southern District of Florida, or an appropriate court in Miami-Dade County, Florida, if the United States District Court declines to exercise jurisdiction. The prevailing party shall be entitled to an award of attorneys' fees and costs incurred in enforcing this Agreement or in defending any claim brought in violation hereof, including, without limitation, costs and fees incurred at the trial court and appellate levels.

21. MR. GAITAN FURTHER STATES AND AGREES THAT HE HAS HAD THE OPPORTUNITY TO CONSULT WITH AN ATTORNEY OF HIS CHOICE; THAT HE HAS CAREFULLY REVIEWED AND CONSIDERED THIS AGREEMENT; THAT HE UNDERSTANDS THE TERMS OF THE AGREEMENT AND ITS FINAL AND BINDING EFFECT; THAT THE ONLY PROMISES MADE TO HIM TO SIGN THIS AGREEMENT ARE THOSE STATED IN THIS AGREEMENT; AND THAT HE IS SIGNING THIS AGREEMENT VOLUNTARILY WITH THE FULL INTENT OF RELEASING THE EMPLOYER FROM ANY AND ALL CLAIMS.

I have read the foregoing Settlement Agreement, and I accept and agree to the provisions contained herein.

_____09/19/11_____
DATE

_____
John Gaitan

_____9/28/11_____
DATE

DPC&R MANAGEMENT, LLC
By: _____
Print Name: Barton Weiss
Its: Manager
    (Title)

8

#1180081 v1

|  |  |
|---|---|
| 9/28/11 <br> **DATE** | **CULINARY ARTS CATERING, LLC** <br> By: _[signature]_ <br> Print Name: Barton Weiss <br> Its: Manager <br> (Title) |
| 9/28/11 <br> **DATE** | **BARTON G. WEISS** <br> _[signature]_ <br> Barton G. Weiss |

## EXHIBIT A

### Chart of Installment Payments of Settlement Sum

| Payment Type | Recipient | Installment #1 | Installment #2 | Installment #3 | Installment #4 | Total |
|---|---|---|---|---|---|---|
| Unpaid Wages | Mr. Gaitan | $0 | $0 | $1,491.33 | $2,092.30 | $3,583.63 |
| Liquidated Damages | Mr. Gaitan | $1,413.44 | $1,569.22 | $600.97 | $0 | $3,583.63 |
| Attorney's Fees and Costs | Law Offices of Eddy O. Marban | $1,269.51 | $1,046.15 | $1,349.87 | $1,349.87 | $5,105.40 |

#1180081 v1